IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TERRY SNOWDEN, )<br>    Petitioner, )<br>vs. )<br> )<br>NATHANIEL QUARTERMAN, Director, )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>    Respondent. ) | No. 3:06-CV-1372-M (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case**

Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2254 to challenge his sentence for a forgery conviction in Cause No. F04-49892-J. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**B. Procedural and Factual History**

On August 25, 2004, petitioner pled guilty to the state jail felony of forgery and true to two enhancement paragraphs. *See Ex parte Snowden*, No. 64,366-01 at 26 (Tex. Crim. App. April 19, 2006) . Petitioner was sentenced to four years in TDCJ and fined $500. *Id.* No appeal was taken. On November 22, 2005, petitioner filed a state application for writ of habeas corpus. *Id.* at 2. The Court of Criminal Appeals denied petitioner's state application without written order on the findings of the trial court without an evidentiary hearing. *Id.*

On July 24, 2006, petitioner filed the instant petition for federal habeas relief. (*See* Pet. Writ of Habeas Corpus (Pet.) at 9); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). Respondent filed an answer on February 7, 2007, (*see* Answer) and provided the state-court records. Petitioner filed a reply to that motion on March 6, 2007. (*see* Reply). On February 7, 2008, this Court received a letter from petitioner indicating that his sentence was to be discharged on March 10, 2008. (*See* 2/7/2008 letter).[1] On March 17, 2008, this Court received another letter from petitioner in stating that his sentence had been discharged and submitting a change of address. (*See* 3/17/2008 letter).

C. <u>Substantive Issues</u>

Petitioner asserts that: (1) his plea was unconstitutionally breached because he agreed to a sentence for in-patient treatment center but was illegally sent to a TDCJ prison facility; (2) his sentence was illegal; (3) the starting date of his plea "contract" was violated because he was imprisoned in the wrong facility; and (4) the state habeas court initially signed an order recommending that his state writ be granted, then re-ruled and issued an order recommending that the writ be denied. (Pet. at 7).

D. <u>Exhaustion</u>

Respondent contends that petitioner failed to exhaust his second, third, and fourth claims at the state level and that these claims are procedurally barred.

---

[1] The purpose of this letter was to request that this Court delay any ruling in this case until after petitioner's sentence had been discharged and he had been released from prison so that he could hire an attorney to represent him.

2

### E. Respondent's Arguments

Respondent contends that notwithstanding petitioner's failure to exhaust three claims, petitioner's habeas petition is also time-barred and not cognizable in a federal habeas proceeding because it involves questions of state law. Respondent further asserts that petitioner's overarching claim that he was illegally sentenced because he was not sentenced to a treatment facility as agreed to in the plea agreement is without merit because: 1) he was sentenced pursuant to an open plea, rather than a plea agreement, with the State recommending a six-year prison sentence; 2) he was sentenced to four years in prison, not community supervision; and 3) the handwritten note on the trial docket indicating that petitioner would participate in "In-Prison Therapeutic Community" was not part of any plea agreement, and that in any event, petitioner was not eligible for this program because of disciplinary problems in prison. (Answer at 11-12). Respondent notes in its answer that the Court of Criminal Appeals denied petitioner's state writ for precisely these reasons. *See Ex parte Snowden*, No. 64,366-01 at 18, 20-23, 30.

## II. MOOTNESS DOCTRINE

Before addressing petitioner's claims, as well as respondent's procedural arguments, this Court must determine whether it has jurisdiction to rule on this case. Under § 2254, a person must be in custody when a petition is filed. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (*per curiam*). Petitioner was clearly in custody when he filed his habeas petition in August of 2006. However, according to two documents this Court has received from petitioner, his sentence was discharged on March 10, 2008.[2]

---

[2] In its order denying the state writ, the Court of Criminal Appeals noted that the effective start date of petitioner's sentence was March 10, 2004, after he was given credit for time served; a discharge date of March 10, 2008 is consistent with this calculation. *See Snowden*, No. 64,366-01 at 25. Moreover, respondent included with his answer TDCJ records

3

In *Spencer v. Kemna*, 523 U.S. 1 (1998), the Supreme Court addressed the issue of whether a habeas petition filed by an inmate who was subsequently released pursuant to a discharged or expired sentence became moot. In *Spencer*, the petitioner filed a petition contesting a motion to revoke his parole. Before the federal district court ruled on his petition, however, Spencer was re-released from prison on parole, and his sentence expired two months later. *Id.* at 6. The Supreme Court ruled that Spencer's petitioner was moot because there was no longer a case or controversy under Article III, § 2 of the Constitution after his release. In particular, the Supreme Court held that Spencer had not pointed to some concrete and continuing injury that continued to exist that constituted a "collateral consequence" of the conviction. *Id.* at 7-8. In *Spencer*, the Supreme Court recognized that a wrongful criminal conviction is presumed to have continuing collateral consequences, but it held that collateral consequences are not presumed with a parole revocation, and Spencer had failed to identify sufficient collateral consequences as a result of his parole revocation. *Id.* at 8, 14-17. The Supreme Court also held that Spencer had failed to establish that his case fell within the exception to the mootness doctrine for cases that are "capable of repetition, yet evading review" because he had not shown both that the challenged action was so short in duration that it could not be fully litigated prior to its expiration *and* that there was a reasonable expectation that Spencer would be subject to the same action again. *Id.* at 17, *citing Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983).

As in *Spencer*, petitioner does not attack the validity of his underlying conviction. Indeed, petitioner pled guilty, and he does not dispute that fact. Instead, petitioner's four claims relate to

---

reflecting that his sentence had a maximum expiration date of March 10, 2008.

the nature of his confinement. Petitioner's petition is therefore moot because he is no longer incarcerated and his four-year sentence has been discharged. *See United States v. Clark*, 193 F.3d 845, 847-48 (5th Cir. 1999) (holding that Clark's direct appeal was moot because Clark appealed the extended supervised release he was sentenced to and, during the time his appeal was pending, the supervised release about which he complained ended). As the Supreme Court noted in *Spencer*, mootness deprives a court of its power to act because there is nothing to remedy, even if the court were inclined to grant relief, because the federal courts are "not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." *Id*. at 18.[3] There appears to be no collateral consequence of petitioner being required to serve his four-year sentence in prison as opposed to a treatment center, as he would have preferred. Moreover, there is no evidence that petitioner's case is one that is capable of repetition or that petitioner will be subject to this same action again. Accordingly, petitioner's petition for writ of habeas corpus is moot, and this Court therefore lacks the power to act on his petition.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DISMISS** with prejudice the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

---

[3] For this reason, the Supreme Court rejected Spencer's contention that his case should still be considered by the court even if moot because his situation was caused by dilatory tactics of the state attorney's general's office and the delay of the federal district court. *Id*.

SIGNED on this 15th day of October, 2008.

/s/ Irma Carrillo Ramirez
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

/s/ Irma Carrillo Ramirez
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE